## No. 535

### LAWRENTZ v. LAWRENTZ

#### No. 20432. Supreme Court.

On motion to certify. Dock. 4-6-27, 5 Abs. 249. Note:—Motion to certify overruled, 5 Abs. 331.

413. DIVORCE AND ALIMONY—Can a court in a decree for divorce in favor of the wife require her to give up her dower interest in the land of the husband or require her to deed to the husband property standing in her name at the time of the suit, or decree to the defendant who is aggressor, property belonging to the successful party when there is no showing under 11992 GC?

A suit in divorce was commenced by plaintiff herein, in the Common Pleas Court of Summit County. The Common Pleas granted the divorce on the ground of extreme cruelty. The parties owned four pieces of property, three of which were held jointly, and the fourth in the name of the plaintiff herein. The decree of the Common Pleas Court set forth that the plaintiff must deed to the defendant her interest in three of the properties, and the defendant should deed to the plaintiff his interest in the fourth. If this was not done, the interest of the respective parties were to remain the same as they were at the time of the commencement of the action.

The Court of Appeals affirmed the judgment of the Common Pleas. Plaintiff herein is asking an order requiring the Court of Appeals to certify its record, and claims as follows:—

1. That the court, in granting the decree, has required the wife to give up her dower interest in lands of her husband in violation of 11991 GC.

2. That the court has required her to deed to the husband, property standing in her name at the time of the suit.

3. That the court cannot decree to the defendant who is the aggressor, property belonging to the successful party when there is no showing under 11992 GC. DeWitt v. DeWitt, 67 OS. 340.

Attorneys—Carl M. Myers for plaintiff; D. S. Hepner for defendant; both of Akron.

Note:—Motion to certify overruled, 5 Abs. 331.

## No. 536

### ABINGDON CARTAGE & STORAGE CO. v. VANDERHOFF

#### No. 20278. Supreme Court.

On motion to certify. Dock. Jan. 19, 1927, 5 Abs. 59.

1028. RES IPSA LOQUITOR—Does the doctrine of Res Ispa Loquitor apply:

1. When a presumption of negligence is not warranted?

2. When it may reasonably be inferred that the accident was due to a cause other than negligence?

3. When the plaintiff relies on specific acts of negligence.

829. NEGLIGENCE.—260. Common Carriers—Can negligence be proven:

When there is no evidence tending to show that the defendant (A cartage company) knew that the article carried was probably dangerous.

The Cartage Co. was hauling carboys of carbon gas from 1516 Euclid Ave., in Cleveland, to a store room on Euclid Avenue, near the Public Square. Before the carboys were loaded, the truck driver noticed that several of them were not equipped with safety caps. The shipper told the driver that the carboys were safe in their then condition. During the process of unloading, at a time when no one was in or near the truck, gas began to escape from one of the tanks. The propelling force of the escaping gas caused the tank to leave the truck, and to whirl and gyrate around on Euclid Ave., finally striknig Vanderhoff, and causing alleged injuries. Vanderhoff instituted this action in the Cuyahoga Common Pleas, to recover damages for said injuries. The trial court directed a verdict for defendant, (plaintiff herein), holding that res ipsa loquitor does not apply, and further that there was no evidence of negligence.

The Court of Appeals reversed the Common Pleas.

Plaintiff herein asks an order directing the Court of Appeals to certify its record and contends:

1. The doctrine of res ipsa loquitor does not apply for the reasons that:

a. The character of the action is not such as in law warrants a presumption of negligence. Loomis v. Toledo Ry. & Lt. Co. 107 OS. 161. Huff v. Austin, 46 OS. 389. O'Day v. Shouvlin, 104 OS. 519, 527.

b. It is reasonably to be inferred from the evidence that the accident was due to a cause other than the negligence of the defendant.

c. The plaintiff alleges and relies on specific acts of negligence.

2. There is no evidence proving or tending to prove negligence.

a. The record is silent on the material element of plaintiff's case, that the defendant knew that the tank was filled with gas.

b. A fair preponderance of the evidence clearly reveals that the defendant used due care. The Cleveland-Akron Bag Co. v. Jaite, etc., 12 OS. 506.

Attorneys—Thompson, Hine & Flory for Company; C. W. Kreig for Vanderhoff; all of Cleveland.